Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3617 | **DATE** | 5/21/2012 |
| **CASE TITLE** | Selina Miller vs. Central Ohio Transit Authority | | |

**DOCKET ENTRY TEXT**

For the reasons listed in the Statement section of the order, plaintiff Selina Miller's motion to proceed *in forma pauperis* [3] is denied without prejudice. Miller's complaint does not contain an appropriate allegation that this court has subject matter jurisdiction. If she desires to pursue her claim in this court, Miller may file an amended complaint, but it must include a statement of jurisdiction as required by Fed. R. Civ. P. 8(a)(1). If Miller files an amended complaint, she may also file a new request to proceed IFP. If Miller does not file an amended complaint by June 11, 2012, the case will be dismissed for lack of subject matter jurisdiction.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Plaintiff Selina Miller filed a complaint labeled "Breach of Contract" in which she alleges she was injured while riding on a bus operated by the Central Ohio Transit Authority in Columbus, Ohio. (Dkt. No. 1.) Miller's complaint lists an address with a 43213 zip code, a zip code in Columbus, Ohio. Pending before the court is Miller's request to proceed *in forma pauperis* ("IFP"). (Dkt. No. 3.)

Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2); *see Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997) (recognizing the applicability of § 1915 to cases brought by non-prisoners).

Here, the court cannot evaluate whether Miller's complaint is frivolous, because she failed to comply with the requirement of Federal Rule of Civil Procedure 8(a)(1), which requires a complaint to include a short and plain statement of the grounds for the court's jurisdiction. Miller's claim is a basic state law claim and appears to provide no ground for federal question jurisdiction. Moreover, because Miller has provided an Ohio address, she may be a citizen of Ohio, and defendant Central Ohio Transit Authority is likely an Ohio corporation and a citizen of Ohio. There is thus no apparent ground for diversity jurisdiction.

Accordingly, Miller's request to proceed IFP (Dkt. No. 3) is denied without prejudice. If Miller contends this court has jurisdiction, she may file an amended complaint including the required statement of jurisdiction, along with a new request to proceed IFP, by June 11, 2012. If she does not file an amended complaint by that date, the case will be dismissed for lack of subject matter jurisdiction in this court, and Miller, if she desires, may seek

| STATEMENT |
|---|
| to pursue her complaint in a court that has proper subject matter jurisdiction.<br><br>                                                                            *James F. Holderman* |